UNITED STATES of America,
Plaintiff—Appellee,

v.

Travis Randall WING, Defendant—Appellant.

No. 04–30158.

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2005.*

Decided Oct. 5, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lori Harper Suek, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Lynn T. Hamilton, Esq., Hamilton Law Office, PC, Mesa, AZ, for Defendant–Appellant.

Before: CANBY, TALLMAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

A jury convicted Travis Wing of assault with a dangerous weapon (count 1) and using a firearm during the assault (count 2). 18 U.S.C. §§ 113(a)(3), 1153(a), 924(c)(1). Wing appeals his convictions and part of his sentence under the pre-*Booker* sentencing guidelines. *See United States v. Booker,* —— U.S. ——, ——, 125 S.Ct. 738, 745, 160 L.Ed.2d 621 (2005). Wing contends that (1) insufficient evidence supports his convictions and (2) *Ameline* requires resentencing. *See United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc). We affirm Wing's convictions, but vacate and remand his sentence pursuant to *Ameline.*

### I

■ A rational jury could have found all the elements of counts 1 and 2.[1] The trial

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. When reviewing the sufficiency of the evidence claim, we view the evidence in the light most favorable to the prosecution and determine whether any rational jury could have found Wing guilty beyond a reasonable doubt. *See United States v. Carranza,* 289 F.3d 634, 641–42 (9th Cir.2002) (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

evidence indicates (among other things) that, as officers pursued Wing, he pointed his handgun and fired shots at Officer Phillips on the Fort Belknap Indian Reservation. There was ample corroboration of this evidence.

## II

The district judge sentenced Wing to 41 months' imprisonment on count 1 and a mandatory consecutive 120 months on count 2. Wing contends that *Ameline* commands his resentencing on count 1.[2] The base offense level for this offense is fifteen. The district judge, applying the Sentencing Guidelines as mandatory, added three levels because he found that the victim was a police officer and two more levels because he found that Wing obstructed justice by creating a substantial risk of bodily injury to another when fleeing from law enforcement. *See* U.S.S.G. §§ 3A1.2, 3C1.2.

This case consequently falls within *Ameline* and is subject to the limited remand procedure outlined there. As in *Ameline*, "it cannot be determined from the record whether the judge would have imposed a materially different sentence had he known that the Guidelines are advisory rather than mandatory." *Ameline*, 409 F.3d at 1083; *see also id.* at 1079 ("We surmise that the record in very few cases will provide a reliable answer to the question of whether the judge would have imposed a different sentence had the Guidelines been viewed as advisory.").

We accordingly remand for the limited purpose set forth in *Ameline*. The district court is to determine whether the sentence would have been materially different if the district court had known that the Guidelines were advisory rather than mandatory. *See id.* at 1085. If the sentence would

not have been materially different, the district court shall maintain the original sentence. If the sentence would have been materially different, the district court shall conduct a resentencing. *See id.*

CONVICTIONS AFFIRMED; SENTENCE REMANDED.

---

2. Because Wing did not raise a Sixth Amendment challenge to his sentence below, we review for plain error. *See Ameline*, 409 F.3d at 1078.